IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| JANIE MAE BELLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. _____ |
| CMH HOMES, INC. d/b/a OAKWOOD HOMES BRISTOL, VA, and/or OAKWOOD HOMES OF BRISTOL and/or OAKWOOD HOMES #872 WASHINGTON COUNTY and d/b/a CLAYTON HOMES, | ) ) ) ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant CMH Homes, Inc. ("CMH") hereby gives notice of the removal of the above-styled action from the Circuit Court of Washington County, Virginia to the United States District Court for the Western District of Virginia, Abingdon Division.[1] The grounds for removal to this Court are set forth below.

**I.      THE STATE COURT ACTION.**

1.      Plaintiff, Janie Mae Beller, initiated this action by filing a Complaint in the Circuit Court of Washington County, Virginia, Case No. 191CL18002415-00 (the "State Court Action").

2.      Beller's Complaint asserts claims against a single defendant, CMH, including the following causes of action: (i) breach of warranty; (ii) breach of contract; and (iii) negligence.

---

[1] By filing this Notice of Removal, CMH does not waive, and, in fact, specifically reserves all applicable defenses, objections and rights in this action, including the right to compel any claims to arbitration, and any other rights, defenses and objections allowed under applicable law. Furthermore, CMH does not admit any allegations of the Complaint by filing this Notice of Removal.

3.      The Complaint alleges that CMH does business under the following fictitious or trade names: (i) Oakwood Homes, Bristol, VA; (ii) Oakwood Homes of Bristol; (iii) Oakwood Homes #872 – Washington County; and (iv) Clayton Homes. (Compl., ¶ 2). The Complaint has not named CMH's alleged fictious or trade names as separate legal entities capable of being sued. Rather, the Complaint names a single defendant, CMH, and alleges that it does business as Oakwood Homes, Bristol, VA; Oakwood Homes of Bristol; Oakwood Homes #872 – Washington County; and Clayton Homes. (Compl., ¶ 2).

4.      Because Oakwood Homes, Bristol, VA; Oakwood Homes of Bristol; Oakwood Homes #872 – Washington County; and Clayton Homes are alleged trade names of CMH, they are not separate legal entities capable of being sued. *See Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002); *Modern Auto. Network, LLC v. E. All. Ins. Grp.*, No. 1:17CV152, 2018 U.S. Dist. LEXIS 49264, at *11 (M.D.N.C. Mar. 26, 2018). As a result, Oakwood Homes, Bristol, VA; Oakwood Homes of Bristol; Oakwood Homes #872 – Washington County; and Clayton Homes are not required to join in or consent to the removal of a case. *See Traber v. Bank of Am.*, No. 1:13-cv-00184-MR-DLH, 2014 U.S. Dist. LEXIS 29591, at *4 (W.D.N.C. Mar. 7, 2014) (holding "as a non-existent entity, this defendant could not be properly joined or served in this case nor could it properly join or consent for removal.").

5.      CMH was first served with the Summons and Complaint on December 27, 2018. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of all process, pleadings, and orders filed and served upon CMH in the State Court Action. Attached hereto as Exhibit B is a true and accurate copy of the record in the State Court Action.

6. Because Washington County, Virginia is located within the Western District of Virginia, this Notice of Removal is properly filed in this Court and Division pursuant to 28 U.S.C. §§ 127(b), 1441(a), 1446, and W.D. Va. Gen. R. 2(a)(1).

**II. REMOVAL IS TIMELY.**

7. CMH was first served with the Summons and Complaint on December 27, 2018, *see supra* at ¶ 5, and this Notice of Removal is timely filed with this Court within thirty (30) days of that date.

**III. THIS COURT HAS ORIGINAL JURISDICTION UNDER 28 U.S.C. § 1332.**

8. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between Plaintiff, Beller, and Defendant, CMH and the amount in controversy exceeds the sum or value of $75,000, excluding interest and costs.

**A. CITIZENSHIP OF THE PARTIES.**

9. For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he is domiciled. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010); *Hoschar v. Appalachian Power Co.,* 739 F.3d 163, 170-71 (4th

3 of 7
Case 1:19-cv-00002-JPJ-PMS   Document 1   Filed 01/17/19   Page 3 of 7   Pageid#: 3

Cir. 2014). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.*, 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Id.* An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal and its citizenship for diversity purposes is identical to that of the corporation to which it belongs. 28 U.S.C. § 1441(b)(1); *Waker v. Bankers Life Ins. Co.*, Civil Action No. 7:18CV00118, 2018 U.S. Dist. LEXIS 87118, at *6 (W.D. Va. May 22, 2018); *see Russo v. St. Georgia's Univ. School of Medicine,* 747 F.3d 90, 95-97 (2d Cir. 2014); *Schartz v. Electronic Data Systems, Inc.,* 913 F.2d 279, 284 (6th Cir. 1990); *Brunswick Corp. v. Jones,* 784 F.2d 271, 275, n. 3 (7th Cir. 1986).

10. Plaintiff Beller is an admitted citizen of the Commonwealth of Virginia. (Compl., ¶ 1).

11. Defendant CMH is a Tennessee corporation with its principal place of business in Maryville, Tennessee. (*See* Exhibit C, Certificate of Existence from the Tennessee Secretary of State). Consequently, CMH is a citizen of Tennessee. *See* 28 U.S.C. § 1332(c)(1). Pursuant to 28 U.S.C. § 1332(c)(1), CMH is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the Commonwealth of Virginia within the meaning of the Acts of Congress relating to the removal of cases.

12. Oakwood Homes, Bristol, VA; Oakwood Homes of Bristol; Oakwood Homes #872 – Washington County; and Clayton Homes are alleged fictitious or trade names used by CMH. (Compl., ¶ 2). The citizenship of alleged fictitious or trade names used by CMH are disregarded in determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C.

§ 1441(b)(1); *Waker v. Bankers Life Ins. Co.*, Civil Action No. 7:18CV00118, 2018 U.S. Dist. LEXIS 87118, at *6 (W.D. Va. May 22, 2018).

**B.     AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.**

13.     The amount in controversy of Plaintiff Beller's claims exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

14.     Generally, a defendant may rely on the complaint to establish the requisite jurisdictional amount. *See Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." (internal quotation marks omitted)).

15.     The ad damnum in the Complaint demands damages well above the jurisdictional limit. Beller's Complaint unambiguously requests "damages in the amount of $104,868.70" under "Counts One and Two, being the breach of warranty and breach of contract counts[.]" (Compl., ¶ 23). Further, Beller's Complaint requests damages in the amount of $700,000 for her negligence claim (Count Three). (*Id.*). Accordingly, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**IV.    THE OTHER REQUIREMENTS FOR REMOVAL ARE MET.**

16.     A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Circuit Court of Washington County, Virginia, in accordance with the provisions of 28 U.S.C. § 1446(d).

17.     CMH will satisfy the requirements of Fed. R. Civ. P. 81(c) by timely filing an answer or presenting other defenses or objections under the Federal Rules of Civil Procedure within seven days after the notice of removal is filed.

18. If any question arises as to the propriety of the removal of this civil action, CMH requests the opportunity to present a brief and oral argument in support of its petition that this civil action is removable.

WHEREFORE, Defendants remove to this Honorable Court the action currently pending in the Circuit Court of Washington County, Virginia as Civil Action Number 191CL18002415-00.

> Respectfully submitted,
>
> s/ Roy M. Jessee
> Attorney for Defendant CMH Homes, Inc.

OF COUNSEL
MULLINS, HARRIS & JESSEE
30 Seventh Street
P.O. Box 1200
Norton, Virginia 24273-0912
Telephone 276-679-3110
Facsimile 276-679-3113
rjessee@mhjpc.com
VSB NO. 33349

## CERTIFICATE OF SERVICE

    I hereby certify that on the 17th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which may send notification of such filing to the following if he is registered in the system, and I also certify that I have mailed a true and accurate copy of same, by first class mail, postage prepaid, to:

David L. Scyphers
Scyphers & Austin, P.C.
Attorneys at Law
189 Valley Street, NE
Abingdon, VA 24210
276 628 7167
276 628 8736 (fax)
Counsel for Plaintiff

                                                          s/ Roy M. Jessee, VSB #33349
                                                          Counsel for Defendant, CMH Homes, Inc.
                                                          MULLINS, HARRIS & JESSEE
                                                          P. 0. BOX 1200
                                                          NORTON, VIRGINIA 24273
                                                          Tel: 276-679-3110
                                                          Fax: 276-679-3113
                                                          rjessee@mhjpc.com

7 of 7
Case 1:19-cv-00002-JPJ-PMS   Document 1   Filed 01/17/19   Page 7 of 7   Pageid#: 7